Crangi Distributing Company and Home Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Roy Nicewonger, Appellees.

Argued June 6, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three. Reargued December 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR. did not participate. Resubmitted on briefs by stipulation of the parties with the full court, including Judge WILKINSON, JR., participating.

*Eugene F. Scanlon, Jr.*, with him *Noble R. Zuschlag*, and *Dickie, McCamey & Chilcote*, for appellant.

*Rex Downie, Jr.*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE ROGERS, March 5, 1975:

This case requires us to interpret new statutory law empowering the Pennsylvania workmen's compensation authorities to impose penalties upon, and to order the payment of claimants' attorney's fees by, employers and their insurance carriers.

The claimant, Roy Nicewonger, was employed as a truck driver-delivery man by Crangi Distributing Company, a small beer distributing firm. The claimant was dissatisfied with his employment, chiefly on account of what he considered to be the poor work habits of other employes and had threatened to quit on a number of occasions. On Friday, October 6, 1972, he did quit, telling his employer, according to the claimant's version, that he didn't feel well, and, according to the employer's version, that he was "sick and tired of putting up with the other employes and that he was fed up." On Wednesday, October 11, 1972, the claimant called the employer by telephone and stated that he had been injured while unloading his truck on Thursday, October 5, 1972. Nicewonger filed a workmen's compensation claim in January 1973, alleging that he had injured his back on *October 6, 1972*. The employer filed an answer denying an injury at work.

After hearings, a referee awarded the claimant compensation for total disability, and, in addition, imposed upon the employer a penalty in the amount of ten percent (10%) of the deferred compensation and interest. This was the first reference to the subject of penalty in the proceedings. The referee also directed the employer to pay the claimant's attorney a fee in the amount of twenty percent (20%) "of the total payment awarded the claimant." The Workmen's Compensation Appeal Board affirmed the referee and the employer appealed the matter to this court.

The employer first contends that the referee's finding that the claimant suffered a compensable injury in the

course of his employment is not supported by the evidence.

Upon reviewing the record, we are satisfied that the referee might have found against the claimant. However, he resolved the serious questions as to the credibility of the claimant's assertion of an injury in favor of the claimant. The scope of our review on the facts is limited to the determination of whether there is substantial evidence to support the referee's finding, leaving issues of credibility and weight to the fact finder. *New Standard Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 494, 309 A.2d 60 (1973). The record contains sufficient competent evidence in support of the referee's findings on this issue and we may not disturb it.

The employer also contests the imposition of penalty. We reproduce the pertinent portions of Section 435 of the Act. Act of June 2, 1915, P.L. 736, Art. IV. §435 *added* February 8, 1972, P.L. —, No. 12, §3, 77 P.S. §991. "(a)   The department shall establish and promulgate rules and regulations consistent with this act, which are reasonably calculated to: (i) expedite the reporting and processing of injury cases, (ii) insure full payment of compensation when due, (iii) expedite the hearing and determination of claims for compensation and petitions filed with the department under this act, (iv) provide the disabled employe or his dependents with timely notice and information of his or their rights under this act, (v) explain and enforce the provisions of this act. (b) If it appears that there has not been compliance with this act or rules and regulations promulgated thereunder the department may, on its own motion give notice to any persons involved in such apparent noncompliance and schedule a hearing for the purpose of determining whether there has been compliance. The notice of hearing shall contain a statement of the matter to be considered. (c) The board shall establish rules of procedure, consistent with this act, which are reasonably calculated

to expedite the hearing and determination of appeals to the board and to insure full payment of compensation when due. (d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure: (i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable. (ii) Any penalty or interest provided for anywhere in this act shall not be considered as compensation for the purposes of any limitation on the total amount of compensation payable which is set forth in this act. (iii) Claimants shall forfeit any interest that would normally be payable to them with respect to any period of unexcused delay which they have caused."

Subsections (b) and (d) are not entirely coherent. Subsection (b) provides plainly enough that the department may on its own motion after notice determine whether there has been compliance with the Act or rules and regulations of the department promulgated thereunder. It fails, however, to suggest what the department may or should do if it determines that there has been a violation of the Act or its rules and regulations; nor is its relevance to or effect upon subsection (d), if any was intended, apparent. Specifically, is the requirement of notice and hearing intended to apply to penalties authorized to be imposed by Subsection (d) for violations discovered in proceedings under the Act?

Subsection (d) plainly empowers the department, the board, or a court in any proceedings to impose penalties for violations of the Act, department rules or the board's rules of procedure. Who may be subjected to such penal-

ties is only clear by reading subsection (d) (i) as a limitation of subjects to employers and insurers.

Clearly, however, no penalty may be imposed under subsection (d) absent proof of a violation of the Act or of the rules of the department or board. The record here contains no evidence of any such violation; it follows, therefore, that the referee had no power to impose a penalty.

The employer further argues that even if there were evidence of a violation, the referee was without power to impose a penalty because neither notice nor hearing on this issue was afforded. We agree. Not only does a reading of Section 435 in its entirety indicate the Legislature's intention that notice and hearing be provided on the issue of violations, an interpretation which would allow the imposition of penalties for asserted violations without notice and opportunity to be heard would render the proceedings unfair and therefore constitutionally infirm. We do not hold that the claimant must lay claim to a penalty at the outset of the proceeding or indeed that he must ever do so; we do hold that an apparent offender may not be penalized under subsection (d) without notice and an opportunity to be heard on that issue.

On the subject of attorney's fees, here imposed and objected to by the employer, we reproduce Section 440, also added by Section 3 of the Act of February 8, 1972, P.L. —, No. 12, 77 P.S. §996: "In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings; Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the in-

surer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer. In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or in part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth."

The decision of whether the referee correctly failed to exclude the claimant's attorney fees must rest on whether there was here a reasonable basis for the employer's contest. As we have earlier noted, the claimant failed to report the injury when it occurred, he quit his employment without any reference to the incident which resulted in his injury, he had other complaints concerning his employment upon which he had based earlier threats to quit and he did not report the asserted injury until five days after leaving his employment. The record additionally establishes that the claimant had a chronic back ailment, symptoms of which he had described to his employer prior to the incident of October 5, 1972. Further, the claimant's testimony concerning the incident although, as we have held, sufficient to support an award, was imprecise in the extreme. In our view, the employer's contest was not only reasonably based, it was formidable. Apparently the referee and the board were influenced by the fact that a report submitted by a physician engaged by the employer expresses the opinion that the claimant's back sprain was caused by the incident described to the physician by the claimant. This, of course, is the classic error of accepting a history given to other than a treating physician as proof of causation. See *Cody v. S.K.F. Industries, Inc.*, 447 Pa. 558, 291 A.2d 772 (1972). We

conclude therefore that the failure to exclude attorney fees from the award was error.

The referee also awarded interest at the rate of ten percent (10%) on deferred payments. This was proper under Section 406.1 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. —, No. 12, 77 P.S. §717.1.

Finally, the referee's award, affirmed by the Board, directs the employer and its carrier "to pay all injury related hospital and medical expenses." The dollar amounts of such expenses were not proved. However, the claimant's physician's report includes a history of treatment by him and of hospitalization. We therefore conclude that the following is an appropriate:

## ORDER

AND NOW, this 5th day of March, 1975, the order of award of the referee and the order of the Workmen's Compensation Appeal Board affirming the same are set aside; the record is remanded to the board for the entry of an order awarding the claimant compensation for total disability in the amount of $94 per week retroactive to October 9, 1972 with interest at the rate of ten percent (10%) per annum on deferred payments, which order, after a determination of injury related hospital and medical expenses incurred, if any, may include a direction to pay such expenses.

___

DISSENTING OPINION BY JUDGE MENCER, March 5, 1975:

I respectfully dissent to the majority's reversal of the referee's award of attorney's fees. The majority takes this action as a result of an interpretation of Section 440 of The Pennsylvania Workmen's Compensation Act[1]

___

1. Act of June 2, 1915, P.L. 736, art. IV, §440, added February 8, 1972, P.L. 25, No. 12, §3, 77 P.S. §996.

which I believe is contrary to the plain meaning of the language used by the Legislature.

Section 440 reads in pertinent part as follows: "In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined *shall be awarded,* in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . .: Provided, That cost for attorney fees *may be excluded* when a reasonable basis for the contest has been established. . . ." (Emphasis added.)

The majority interprets Section 440 to mean that a referee *cannot* award attorney's fees when the record discloses a reasonable basis for the employer's contest of the claim. This construction ignores the clear meaning of the word "may" in the proviso of Section 440 and substitutes for it the word "shall" or "must."

I interpret Section 440 to mean that, when a claimant is successful in a contested case, he *shall* be awarded attorney's fees. I construe the use of the words "may exclude" in the proviso to mean exactly that; namely, that when a reasonable basis for the contest has been established by the defendant, attorney's fees *may be excluded,* but they also *may be awarded* by the referee. Such an award[2] is not subject to our review as an abuse of discretion.

JUDGES CRUMLISH, JR. and BLATT join in this dissent.

---

2. The reasonableness of the sum awarded for attorney's fees is subject to our review. Likewise, whether there is a reasonable basis for the contest is a proper subject of review where attorney's fees are excluded.