James J. Hartman, Appellant, v. Workmen's Compensation Appeal Board, Firestone Tire and Rubber Co. and Liberty Mutual Insurance Co., Insurance Carrier, Appellees.

610

Argued December 5, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Roland J. Artigeres,* with him *Joseph Lurie,* and *Galfand, Berger, Senesky, Lurie & March,* for appellant.

*Joseph R. Thompson*, with him *John G. Jenemann*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE WILKINSON, March 11, 1975:

On August 16, 1972, claimant-appellant twisted his right knee while lifting material onto a pallet at employer-appellee's plant, causing the instantaneous development of a Baker's cyst on the back of that knee. Claimant-appellant subsequently filed a claim petition, and after a hearing on February 7, 1973, the referee made the following findings of fact, conclusions of law and award:

"FINDINGS OF FACT:

"1. Claimant on 8.16.72 was employed by defendant at an average weekly wage of $166.40.

"2. On 8.16.72 claimant developed a baker's cyst on the back of his right knee. The cyst developed instantaneously when claimant twisted his knee while lifting material onto a pallet.

"3. The cyst was surgically removed, requiring a three day hospitalization.

"4. Claimant notified his supervisor of the injury the day after he developed the cyst.

"5. All of claimant's medical bills, with the exception of $10 owed to Dr. Yund, were paid by defendant.

"6. Claimant's injury arose out of his employment with defendant and was related thereto.

"7. Claimant was totally disabled from 8.20.72 to 12.4.72.

"CONCLUSIONS OF LAW:

"The Referee concludes as a matter of law that claimant has sustained his burden of proof under the Pennsylvania Workmen's Compensation Act. The Referee further concludes as a matter of law that there has not been a reasonable basis for the contest of this claim.

"AWARD:

"It is hereby ordered and directed that defendant and/or its insurance carrier pay to claimant compensation at the rate of $94 per week commencing 8.21.72 to 12.3.72, inclusive, and $10 on account of medical expenses incurred by claimant.

"All deferred payment of compensation shall bear interest at the rate of 10 percent in accordance with Section 406.1 of the Act.

"A reasonable basis for the contest of this claim has not been established by defendant and therefore defendant and/or its insurance carrier is ordered and directed to reimburse claimant for his attorney's fee, not to exceed 20 percent of this award, and in addition thereto to pay as a penalty 20 percent of the award of compensation."

The employer-appellee appealed this decision to the Workmen's Compensation Appeal Board which found that "there was sufficient competent evidence in the record to support the determination of the referee," but that "the imposition by the referee of counsel fees and a penalty of 20% was improper." Claimant-appellant then filed the instant appeal claiming that the Board erred in deleting the referee's award of counsel fees and penalty.[1] We must disagree.

It is clear from a reading of Section 435 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *added* February 8, 1972, P. L. ——, (No. 12), 77 P. S. §991 (Supp. 1974-1975), that to impose any penalty up to 10% there must be a violation of the Act or rules of the department or board. In addition, that Act provides that if such a violation is coupled with "unreasonable or excessive delays," then the penalty sum

---

1. The referee also awarded interest of the rate of 10% on all deferred payments under Section .406.1 of the Act, 77 P.S. §717.1. This award was inferentially sustained by the Board and is not contested by either party.

may be increased to 20.%. Section 435(d)(i), 77 P. S. §991 (d) (i). In the recent case of *Crangi Distributing Company and Home Insurance Co. v. Workmen's Compensation Appeal Board and Roy Nicewonger,* —— Pa. Commonwealth Ct. ——, 333 A.2d 207, (1975), Judge ROGERS, speaking for an undivided court on the penalty issue, held:

> "Clearly, however, no penalty may be imposed under subsection (d) absent proof of a violation of the Act or of the rules of the department or board. [If no such evidence is contained in the record] it follows, therefore, that the referee ha[s] no power to impose a penalty." —— Pa. Commonwealth Ct. at ——, 33 A.2d at 210.

Claimant-appellant has not shown, nor does our reading reveal, any violations of the Act or rules of the department or board. The absence of proof of a violation on the record is fatal to an award of a penalty. However, even if the referee had specifically found that there had been a violation of the Act or rules or regulations of the board or department, the penalty imposed must fall for another reason. In *Crangi, supra,* we held that:

> ". . . [T]he referee was without power to impose a penalty because neither notice nor hearing on this issue was afforded." —— Pa. Commonwealth Ct. ——, 333 A.2d at 210.

Here, the attorney for claimant-appellant at the hearing requested that if the referee found for the claimant that the award include penalties, interest and attorney's fees. The attorney for employer-appellee objected to the request for penalties and, after a discussion of other issues not connected to the penalty request, the record was closed. Even if the employer-appellee was put on notice by the request for penalties, there was no hearing nor any additional evidence taken on that issue. The procedure followed was not sufficient to meet the standards required for penalty imposition as set forth in *Crangi,*

*supra,* and the Board was proper in deleting the penalty from the award of compensation to claimant-appellant.

The granting of attorney's fees under Section 440 of the Act, 77 P. S. §996, hinges on whether there has been a reasonable basis for the employer's or carrier's contest. This Court has held in *Weidner v. Workmen's Compensation Appeal Board and Firestone Tire & Rubber Company,* 16 Pa. Commonwealth Ct. 561, 565, 332 A.2d 885, 887 (1975):

> ". . . the award of attorney's fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's or carrier's contest is reasonably based."

The referee here concluded, as a matter of law, the contest had been unreasonable. The question of reasonableness of contest goes beyond the mere finding of facts. It is a legal conclusion that must be arrived at based on the facts as found by the referee, if supported by substantial evidence, and the record. The scope of review of the Board and this Court, therefore, is to review the conclusion made by the referee to see if an error of law has been committed. *Czankner v. Sky Top Lodge, Inc.,* 13 Pa. Commonwealth Ct. 220, 308 A.2d 911, 318 A.2d 379 (1974).

In the instant case, the referee made seven findings of fact, all supported by substantial evidence. None of the findings (except for finding number 5 that the employer or carrier paid the medical bills) involve *any* actions of the employer or carrier. In other words, the referee's conclusion that the contest was unreasonable cannot be supported by the findings of fact that he made. Likewise, the record is devoid of evidence that would allow a conclusion that the contest was unreasonable. In fact, the record does show medical reports conflicting as to whether the Baker's cyst development was work-related. We hold that for the referee to conclude, based on the findings he made, and the evidence contained in the rec-

ord, that the contest was unreasonable was an erroneous application of Section 440, and the Board properly reversed his determination.

ORDER

Now, March 11, 1975, the order of the Workmen's Compensation Appeal Board, dated April 4, 1974, is hereby affirmed.