Raymond J. Poli, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Arlyn Printing & Advertising Co. and State Workmen's Insurance Fund, Respondents.

Argued February 2, 1978, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*Gerald J. Haas,* for appellant.

*Michael Luber,* with him *John E. O'Connor,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, April 13, 1978:

The Appellant, Raymond J. Poli, appeals here from an order of the Workmen's Compensation Appeal Board (Board) deleting attorney's fees from his award under Section 440 of The Pennsylvania Workmen's Compensation Act[1] (Act). He was the president and one of eight employes of the Arlyn Printing and Advertising Co. (employer) when he sustained a back injury on July 31, 1972 as a result of which he was awarded workmen's compensation benefits. On September 5, 1972, he returned to work and a supplemental agreement was filed noting the continuance of a partial disability and providing payment therefor. On February 26, 1973, the Appellee insurer, State Workmen's Insurance Fund, filed a termination petition alleging that the Appellant's disability had ended and claiming an overpayment. The petition was dismissed by the referee who held there had been no overpayment and compensation was continued in accordance with the supplemental agreement together with medical expenses and interest. The referee concluded

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996.

that the insurer had failed to prove that the Appellant had returned to work without a loss of earning power as a result of the injury. The referee also ordered the employer and/or its insurance carrier to pay the Appellant's attorney fee in the amount of 20% of the sum payable. Upon appeal to the Board, the referee's decision was affirmed except for the payment of attorney's fees.

Section 440[2] of the Act requires that, in workmen's compensation proceedings, the insurer must pay a reasonable fee to the successful claimant's attorney unless a reasonable basis for contesting the award is established, and this section is intended to deter unreasonable contests of workers' claims and to ensure that successful claimants receive compensation undiminished by costs of litigation. *Workmen's Compen-*

---

[2] Section 440 of the Act provides as follows:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth.

77 P.S. §996.

*sation Appeal Board v. Bethlehem Mines Corporation,*
23 Pa. Commonwealth Ct. 517, 353 A.2d 79 (1976). Al-
though the Act does not automatically require attor-
ney's fees to be awarded in cases involving petitions
for termination which are resolved in favor of the
worker, we have noted that this is ordinarily the rule,
with their exclusion being the exception where the
record has established that the carrier's contest is
reasonably based. *Weidner v. Workmen's Compensa-
tion Appeal Board,* 16 Pa. Commonwealth Ct. 561, 332
A.2d 885 (1975). In this case, although the referee
specifically awarded attorney's fees, the Board re-
versed on the basis that:

> the referee did not find that there was not
> a reasonable basis for contest. This is a neces-
> sary finding to support an award of counsel
> fees. See Crangi Distributing Co. v. Work-
> men's Compensation Appeal Board, 17 Com-
> monwealth Ct. 530 (1975).

A specific finding of fact on the issue of reason-
able basis is not required under the *Crangi* case, and,
in fact, this Court has held that the question of rea-
sonable contest, while including factual queries, is ul-
timately a question of law. *Ball v. Workmen's Com-
pensation Appeal Board,* 19 Pa. Commonwealth Ct.
157, 333 A.2d 819 (1975). Here, by awarding attor-
ney's fees to the Appellant, the referee concluded as
a matter of law that the basis for the insurer's con-
test was unreasonable. *See Ratchko v. Workmen's
Compensation Appeal Board,* 31 Pa. Commonwealth
Ct. 585, 377 A.2d 1012 (1977). It is this question
of law which is on appeal to us here.

Whether or not there has been a reasonable basis
for contesting a claimant's award of benefits depends
upon both the facts and the legal issues involved. For
example, this Court has held the contest to be reason-
able where the evidence showed conflicting medical

reports as to whether or not a claimant's condition was work-related,[3] where the injury was caused by an unexplained fall and there were at the time no appellate court cases on what was a compensable injury[4] and, even though the employer confined his defense to cross-examination of the claimant, where there was an issue as to whether or not the claimant had to cross a public street in order to reach the parking lot where the injury occurred.[5] On the other hand, we have held the contest to be unreasonable where no conflicting medical evidence was presented regarding the "contested" issues of the claimant's disability[6] and his continued treatment[7] for an injury.

It is the insurer's position here that the record clearly indicates grounds for a reasonable contest, based upon the argument that the Appellant voluntarily reduced his salary in order to show that he had a disability and that he manipulated company funds so as to produce the same family income while receiving maximum workmen's compensation benefits. The Appellant's own testimony indicates that, as the president of his family-owned business, he reduced his own

---

[3] *Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975); *Crangi Distributing Co. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 530, 333 A.2d 207 (1975). In *Crangi,* the evidence showed the employee had failed to report the injury when it occurred, quit his employment without reference to the incident that allegedly resulted in the back injury, that the employee had other complaints about his employment upon which he had based earlier threats to quit, that the employee did not report the injury until five days after he quit and the employee had described symptoms of a back ailment to the employer prior to the incident allegedly causing the injury.

[4] *Ball v. Workmen's Compensation Appeal Board, supra.*

[5] *Ballas v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 82, 377 A.2d 1069 (1977).

[6] *Ratchko v. Workmen's Compensation Appeal Board, supra.*

[7] *Weidner v. Workmen's Compensation Appeal Board, supra.*

$750.00 a week salary to $350.00 when he requested compensation for the maximum partial disability allowed, and the insurer, in investigating the case found the Appellant working at various times from November 15, 1972 to February 20, 1973 and also found that no additional employees had been hired during the period of Appellant's alleged disability.

The Appellant maintains that the record fails to establish that this contest was reasonably based as a matter of law. He points out that the insurer introduced no evidence, either in its termination petition or at the hearing, which would support the allegation that he had returned to work on September 5th without any further disability or loss of earning power. On the contrary, he contends that evidence was produced that he continued to be treated for his injury and was unable to perform many of his previous work responsibilities as a result of the injury,[8] thus remaining partially disabled. He also points out that no evidence was introduced by the insurer as to any improprieties or manipulation of funds, and that the financial records requested by the insurer to be produced at the hearings were records which had been previously and continuously available. He further notes that the cross-examination by the insurer likewise produced no evidence which could reasonably be viewed as raising a question of manipulation of funds to re-

[8] The record indicates prior to his injury, Appellant's duties were to "(a) promote sales and do selling, mainly outside of the printing plant (b) make deliveries (c) pricing jobs (d) interviewing prospective students [for his offset Printing School] (e) using the folding machine and paper cutter (f) performs all other duties and use[s] all the machinery in the plant when required." After Appellant returned to work following the injury, he "reported to work late and left work early, and only reported for work two days a week. On many of the days that claimant reported for work, it was necessary for him to lie down in the morning and in the afternoon for an hour, because of his back injury." -

ceive workmen's compensation benefits.[9]   With these contentions, we agree.

In sum, our review of the record compels the conclusion also reached by the referee that the insurer's pursuit of its petition to terminate was not a contest for which there was a reasonable basis.   We must, therefore, reverse the order of the Board deleting attorney's fees from Appellant's award and reinstate the referee's order.

## ORDER

AND Now, this 13th day of April, 1978, the order of the Workmen's Compensation Appeal Board dated January 13, 1977 at No. A-71887, is reversed in part, insofar as it deleted from the award Appellant's attorney's fees.   Wherefore judgment is entered against the State Workmen's Insurance Fund, in the amount of 20% of the compensation payable to the Appellant, including medical expenses and interest until the termination of the award together with 20% of the Appellant's award of compensation benefits and interest thereon for a period of 250 weeks from February 1, 1973, in accordance with the referee's order of July 13, 1976 on the above-captioned matter.

---

[9] Although the income of the wife and son increased somewhat, the unrebutted testimony and the referee's findings of fact indicate this was caused by "the fact that the Claimant was not able to perform his usual duties after he returned to work on September 5, 1972, required other personnel . . . to take up the work which was not performed by the Claimant, involving overtime work for claimant's son and wife and the pressman . . . [and] after the claimant's injury, he was not able to perform as an assistant [instructor]." Furthermore, unrebutted testimony and the referee's findings of fact indicate that the combined income of Appellant and his wife was substantially less during 1973, the time during which it was alleged funds had been manipulated.