Elsie Edmond, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Devon Apparel, Inc. & Penna. Manuf. Assoc. Ins. Co., Respondents.

Argued April 5, 1979, before Judges BLATT, DI-SALLE and MACPHAIL, sitting as a panel of three.

*Paul Auerbach*, for petitioner.

*Howard Ellner*, with him *John F. McElvenny*, and *Marcy B. Tanker*, for respondents.

OPINION BY JUDGE DISALLE, June 21, 1979:

Elsie Edmond (Claimant) suffered a work-related injury on January 17, 1974. She started receiving weekly compensation benefits under an agreement entered into with her employer's insurance carrier. These benefits were suspended, however, after a company doctor found her able to resume, without limitation, her previous work responsibilities. Relying on an affidavit to this effect, signed by the doctor, the employer filed a petition to terminate compensation.

The referee, after conducting several hearings, concluded that Claimant was still disabled as a result of the injury and denied the petition for termination. Both parties took appeals from this order to the Workmen's Compensation Appeal Board (Board). Claimant's appeal was predicated on the referee's failure to award attorney's fees and to impose penalties. The Board affirmed the referee's order denying the petition to terminate, but dismissed Claimant's appeal. Claimant thereupon filed the instant petition for review. The employer did not appeal the Board's decision.

In cases involving petitions for termination which are resolved in favor of the employe, an award of

attorney's fees is ordinarily the rule, with their exclusion being proper only where the record has established a reasonable basis for the contest. *Poli v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 630, 384 A.2d 596 (1978); *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 332 A.2d 885 (1975); Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996. We have previously held that a contest is unreasonable "where no conflicting medical evidence was presented regarding the 'contested' issues of the claimant's disability and his continued treatment for an injury." *Poli v. Workmen's Compensation Board of Review, supra* at 634, 384 A.2d at 598 (footnotes omitted).

Although Claimant's employer supported its termination petition with an affidavit signed by Dr. Atella, this doctor was not produced as a witness. Instead, the employer presented Dr. Kambin to verify that Claimant's disability had terminated. Dr. Kambin had examined Claimant only once, and then not until one year after the accident. As the Board correctly observed, Dr. Kambin's entire testimony was based on the erroneous assumption that the accident had in no way aggravated Claimant's neck condition. This error resulted from the employer's failure to provide Dr. Kambin with Claimant's medical reports. On the other hand, the testimony of Claimant's physician, Dr. Jacobsen, coupled with her own independent testimony, clearly established that her neck was in fact injured and that she is unable to do any type of factory work or return to her former position. The referee obviously found this testimony to be convincing as he disallowed the employer's petition for termination.

The problem we are faced with, however, is that despite the absence of conflicting medical evidence regarding the contested issues of Claimant's disability, the referee omitted any mention of attorney's fees. It is, of course, axiomatic that the "reasonableness of contest" is a legal conclusion that must be arrived at based on facts as found by the referee which are supported by substantial evidence. *Ratchko v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 585, 377 A.2d 1012 (1977); *Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975). In order for this Court, and the Board, to review such a conclusion to determine whether an error of law has been committed, the referee must first be given an opportunity to render his opinion on the reasonablesness of the contest. We are compelled, therefore, to reverse the Board and to remand this case to the referee so he may make this necessary legal conclusion.

The next argument propounded by Claimant is that the referee erred in failing to assess a penalty against the insurance carrier. The referee noted that he was unable to consider Claimant's request for the imposition of penalties since he lacked jurisdiction to render such an award given the procedural posture of the case before him. Again, we must disagree.

In this case, the referee was initially concerned with those issues raised by the petition for termination. However, having jurisdiction over this phase of the proceeding, and the parties involved therein, we are convinced that he also possessed the authority to render a decision regarding penalties, provided that due process had been properly afforded the party or parties to be so charged.

Section 435 of the Act, 77 P.S. §991, attempts to set forth some of the procedures governing penalty hearings. Yet much confusion has understandably

been created in this area as a result of the general nature of this legislation and the noticeable absence of Board regulations implementing it. Subsection (d) of this Section provides:

> The department, the board, or any court which may hear *any* proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure. . . . (Emphasis added.)

The referee, being the authorized officer of the Department in this instance, also has power to impose penalties. *See Lord v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 626, 633 n. 4, 395 A.2d 598, 602 n. 4 (1978). Of course, an apparent offender may not be penalized under subsection (d) without notice and an opportunity to be heard on that issue. *Crangi Distributing Co. v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 530, 333 A.2d 207 (1975).

This due process requirement will normally be satisfied where a claimant or the Board institutes a separate action for the imposition of penalties and an evidentiary hearing subsequently occurs. The problem arises, however, where, as here, Claimant makes a claim for penalties in conjunction with another proceeding.[1] We believe that the correct procedure under these circumstances is for Claimant to make a request, either in writing or on the record, that the referee impose penalties. The referee should then permit the employer to respond to the request, and thereafter schedule a hearing on the issue, if one becomes

---

[1] We repeat what was stated in *Crangi Distribution Co. v. Workmen's Compensation Appeal Board, supra*: A request for the imposition of penalties need not be made at the outset of the proceedings; it may be made at any appropriate time before the record is closed.

necessary. *Crangi Distributing Co. v. Workmen's Compensation Board of Review, supra.*

As previously noted, the referee refused to consider Claimant's initial request, claiming lack of authority to do so. This we conclude was error. It is necessary, therefore, to remand the case to him for consideration of Claimant's request for the imposition of penalties.

### ORDER

AND Now, this 21st day of June, 1979, the Order of the Workmen's Compensation Appeal Board is hereby reversed and the case is remanded to the referee for further action consistent with this opinion.