Elsie Edmond, Petitioner v. Workmen's Compensation Appeal Board, (Devon Apparel, Inc. et al.), Respondents.

Argued March 3, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

*Paul Auerbach,* for petitioner.

*Robert N. Felner,* with him *Robert J. Heller,* for respondents.

OPINION BY JUDGE DOYLE, August 30, 1982:

Elsie Edmond (Claimant) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of her request for attorney's fees and penalties pursuant to the provisions of Sections 440 and 435(d) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §§996 and 991(d), respectively. We affirm.

On January 17, 1974, Claimant slipped and fell on a hardwood floor while working as a collar presser for Devon Apparel, Inc. (Devon), and as a result of this fall, was unable to continue working. Thereafter, Devon's insurer, the Pennsylvania Manufacturer's Association Insurance Company (P.M.A.I. Co.), began to pay Claimant disability benefits pursuant to a Notice of Compensation payable dated February 12, 1974, which described her injury as a "[c]ontusion of left shoulder; left knee." On March 14, 1974, however, Devon and P.M.A.I. Co. filed a termination petition alleging that Claimant's disability had ceased on or before February 25, 1974, and supplemented this petition with an affidavit of recovery signed by a Dr. Ernest F. Atella who had examined Claimant on February 25, 1974. As a result of this affidavit, an automatic supersedeas was issued, and four days of hearings on the petition were conducted before a referee on February 19, 1975, July 10, 1975, October 28, 1975, and March 30, 1976. From the evidence adduced at these hearings, the referee concluded that Claimant's disability, which he did not describe in his decision, had not ceased, and accordingly denied

the termination petition. In this decision, however, the referee failed to address the questions of whether Claimant was entitled to an award of attorney's fees and penalties, even though Claimant had specifically requested a penalty hearing at the conclusion of the March 30, 1976 hearing.[1] Claimant subsequently appealed this decision to the Board alleging, *inter alia,* that the referee erred as a matter of law by failing to award counsel fees, and by not conducting a penalty hearing. Thereafter, Devon and P.M.A.I. Co. filed a cross appeal contesting, *inter alia,* the referee's findings that Claimant's disability had not terminated. In an opinion and order dated July 6, 1978, the Board affirmed the referee's dismissal of the termination petition, and dismissed Claimant's appeal ''based on our [the Board's] observation that there was a reasonable basis for Defendant's belief that Claimant's disability had terminated. . . .'' Claimant subsequently appealed the determination to this Court, and in the case of *Edmond v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979), we remanded the case to the referee so that he could make specific findings as to why he did not award attorney's fees, and so that he could hold a penalty hearing pursuant to the mandate of Section 435(d) of the Act. *See Crangi Distributing Company v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 530, 333 A.2d 207 (1975). Following a remand hearing, conducted on October 16, 1979, the referee, in a decision dated August 6, 1980, denied Claimant's request for attorney's fees

---

[1] The referee stated at the time of this request that he did not believe that he had the jurisdiction to order a penalty hearing in light of the procedural posture of the case before him. We subsequently found this assertion to be incorrect in *Edmond v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979).

and penalties. In his decision, the referee concluded that Claimant was disqualified from receiving attorney's fees under Section 440 of the Act since her employer had a reasonable basis for contesting her eligibility for benefits, that basis being the testimony of a Dr. Parvin Kambin who testified during the February 19, 1975 referee's hearing that he had concluded from his examination of Claimant on January 15, 1975, that Claimant had fully recovered from her January 17, 1974 accident, and was capable of resuming work. The referee further concluded that Claimant was not entitled to an award of penalties under the provisions of Section 435(d) of the Act since neither Devon nor P.M.A.I. Co. had violated any provision of the Act, any rule or regulation, or any rule of procedure. On appeal, the Board affirmed this decision, and the present appeal followed.

Before this Court, Claimant initially asserts that the Board was precluded from finding as a fact on remand that there was a conflict of medical evidence in this case since we employed language in our initial remand decision which indicated that we saw no such conflicting evidence in the record before us.

While it is indeed true that we stated in our initial decision in this matter that we saw "an absence of conflicting medical evidence regarding the contested issues of Claimant's disability," *Edmond* at 461, 402 A.2d at 716, it is clear from the result of that case that such language constituted dicta, and was not binding on the workmen's compensation authorities below. As we have repeatedly held, the question of the reasonableness of an employer's contest for the purpose of awarding attorney's fees is a "legal conclusion that must be arrived at based on the facts as found by the referee, supported by substantial evidence on the record[,]" *Ratchko v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct.

585, 588, 377 A.2d 1012, 1013 (1977); *Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975), and since the only issue in this case was whether Claimant's disability had ceased, we obviously would not have remanded for specific findings on the reasonable contest issue if we had concluded as a matter of law that the record would only support a finding that there was no conflicting evidence, and hence no reasonable contest, on this issue.

Claimant next alleges, in effect, that there is not substantial evidence of record to support the Board's conclusion that Dr. Kambin's testimony, when read as a whole, supported her employer's position that her disability had terminated. Specifically, Claimant points to portions of Dr. Kambin's testimony where he stated that he had not seen certain medical reports,[2] and where he stated that if certain evidence had been submitted which would have indicated that Claimant had been treated for neck injuries after her accident, that his "opinion would be altered." A careful reading of Dr. Kambin's testimony, however, reveals that these statements in no way contradicted his testimony that Claimant was no longer disabled.

At the February 19, 1975 referee hearing, Dr. Kambin testifed that he had examined Claimant on January 15, 1975, that Claimant had complained of pain in her left shoulder, left knee, *and neck,* which she attributed to her 1974 accident at Devon, that he examined the muscles, took x-rays, and conducted a

---

[2] These medical reports were apparently from physicians who had treated Claimant for her injuries stemming from her 1974 accident at Devon. Unfortunately, although these reports were frequently referred to during the course of the hearings below, and are mentioned in the referee's initial decision, they were never offered into evidence, and hence, are not part of the record before us.

neurological examination of all three of these areas, and that he concluded from these examinations that while Claimant still had some "tenderness" in the neck and shoulder region, she was not in any way disabled by this condition, and could return to any kind of work. Dr. Kambin further testified that he felt that Claimant's complaints of neck pain were attributable to osteo-arthritis which he believed existed prior to her accident. Thereafter, on cross-examination, Claimant's counsel, in an attempt to establish that Claimant's neck pain was caused by her accident, asked Dr. Kambin if he felt that Claimant's then existing osteo-arthritis could have been aggravated by her fall. Dr. Kambin replied that his medical history didn't indicate that Claimant had complained of neck pain, or had been treated for it after her accident. Dr. Kambin then conceded, when questioned, that he had not seen certain medical reports from physicians who had treated Claimant after her accident.[3] After reviewing one of these medical reports, Dr. Kambin testified, when asked once again if Claimant's fall cauld have aggravated a pre-existing osteo-arthritis, that if the medical reports showed that Claimant had been treated for neck injuries after her fall, his "opinion would be altered." It is clear from the context of the question, however, that Dr. Kambin was stating that if Claimant complained of, and had been treated for, neck pain following her accident his opinion would have been altered on the question of *what caused Claimant's neck pain*. Since, however, this position in no way modified his opinion as to whether this pain was disabling we believe the Board correctly concluded that Dr. Kambin's testimony supported Devon's and P.M.A.I. Co.'s position that Claimant was no longer disabled. In addition,

---

[3] These medical reports were never offered into evidence.

we believe the Board's ultimate conclusion that there was a reasonable contest in this case is bolstered by the fact that Devon and P.M.A.I. Co. presented the testimony of a Dr. Philip Spergel who testified that Claimant was only partially disabled. In the past we have found the existence of such testimony to be a reasonable basis for contesting a disability claim. *See A.P. Green Refractories Co. v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 1, 403 A.2d 172 (1979). In light of the above, we believe the Board's denial of attorney's fees must be affirmed.

Finally, Claimant alleges that the Board erred as a matter of law by failing to award penalties pursuant to the provisions of Section 435(d) of the Act. We disagree.

> Section 435(d) provides in pertinent part that [t]he department, the board, or any court . . . shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure. . . .

It is clear that "no penalty may be imposed under subsection (d) absent proof of a violation of the Act or of the rules of the department or board." *Glagola v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 80, 85, 428 A.2d 1016, 1019 (1981) (quoting *Crangi,* 17 Pa. Commonwealth Ct. at 535, 333 A.2d at 210).

Before the referee, Claimant advanced several reasons why she felt she was entitled to an award of a penalty, but only alleged a single requisite instance of a violation of the Act or of a rule or regulation of the department or Board, that being an alleged violation on the part of Devon of Section 306(f) of the Act, 77 P.S. §531, because of an alleged failure on its part

to submit a list of five treating physicians to Claimant after her injury. Even a cursory reading of Section 306(f) reveals, however, that the section places no obligation on the employer to submit such a list, only an obligation on a claimant to be treated by a physician on the list *if* such a list is submitted. Accordingly, we believe the Board properly affirmed the referee's refusal to award any penalty in this case, and we will therefore enter the following

ORDER

Now, August 30, 1982, the order of the Workmen's Compensation Appeal Board, dated February 19, 1981, is affirmed.

Judge MENCER did not participate in the decision in this case.