546 A.2d 717

James Brasco, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Gee Bee Furniture), Respondents.

Submitted on briefs March 21, 1988, to Judges CRAIG and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Benjamin L. Costello, Yablonski, Costello & Leckie,* for petitioner.

*Gerald J. Yanity, Stewart, Belden and Belden,* for respondent.

OPINION BY JUDGE SMITH, August 15, 1988:

James Brasco (Claimant) appeals from a decision of the Workmen's Compensation Appeal Board which affirmed the referee's decision to dismiss Gee Bee Furniture's (Employer) petition for termination and reversed the referee's decision to assess a 10% penalty against Employer pursuant to Section 435 of The Pennsylvania Workmen's Compensation Act.[1] The issue presented for review[2] is whether the Board committed an error of law in reversing the referee's decision to assess a penalty against Employer.

Claimant was employed as a truck driver/warehouseman for Employer and performed duties including moving and lifting of heavy furniture. On July 7, 1980, Claimant suffered a work-related injury diagnosed as acute traumatic lumbar disc syndrome which rendered him disabled. Pursuant to notice of compensation payable, Claimant began receiving total disability benefits on July 15, 1980. On November 8, 1982, Employer filed a petition for termination based upon an affidavit of recovery and an automatic supersedeas was taken.[3] *See* Section 413 of the Act, 77 P.S. §772.[4]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §991.

[2] This Court's scope of review is to determine whether constitutional rights have been violated; whether an error of law has been committed; or whether necessary findings of fact are supported by substantial evidence. *Beebe v. Workmen's Compensation Appeal Board (Bendix Corporation)*, 112 Pa. Commonwealth Ct. 578, 535 A.2d 1236 (1988); *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

[3] The petition for termination of benefits was filed in November of 1982 prior to the decision in *Baksalary v. Smith*, 579 F. Supp. 218 (E.D. Pa. 1984) which held that the automatic supersedeas provisions of Section 413(a) are unconstitutional.

[4] Section 413 provides in pertinent part:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of

At a hearing before the referee on January 10, 1983, Claimant challenged the affidavit of recovery as being defective since Dr. Sherman, author of the affidavit, did not sign it before a notary. N.T., p. 7. Dr. Sherman admitted in his deposition that he did not execute the physician's affidavit in the presence of a notary but instead gave the unsigned report to a party from rehabilitation services to have it notarized. N.T., p. 14. Based upon the evidence, the referee found:

> . . . [T]hat the defendant illegally secured an automatic supersedeas on this case. Dr. Sherman executed a physician's affidavit of recovery on August 26, 1982. However, he did not appear before a person authorized to administer oaths and the affidavit was subscribed by Lisa McCormick outside of his presence.

Finding of Fact No. 11. The referee concluded that a 10% penalty shall be imposed pursuant to Section 435.[5]

---

> compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employee has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed. . . .

[5] Section 435, subsections (b) and (d), provide in pertinent part:

> (b) If it appears that there has not been compliance with this act or rules and regulations promulgated thereunder the department may, on its own motion give notice to any persons involved in such apparent noncompliance and schedule a hearing for the purpose of determining

The Board reversed the referee because no evidence existed to show that the Employer violated the Act or rules of the Department of Labor or the Board. This Court disagrees. However, the Board correctly stated that a referee may not assess a penalty without a hearing on the issue, but failed to remand to the referee. Claimant, nonetheless, contends that the referee acted properly in assessing the penalty pursuant to Section 435. Before penalties may be imposed, it is well established that notice and a hearing must first be afforded the person involved in the noncompliance. *Crangi Distributing Co. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 530, 333 A.2d 207 (1975).

Claimant asserts that Employer's due process rights have been adequately protected; that Employer was on constant notice of its failure to conform with the Act; that the issue was discussed at the January 10, 1983 hearing; and that the Employer had an opportunity to defend against its noncompliance at the September 28, 1983 hearing.

Claimant misinterprets the legislative intent of Section 435. This Court has held in *Crangi* that:

> whether there has been compliance. The notice of hearing shall contain a statement of the matter to be considered.
>
> . . . .
>
> (d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:
>
> (i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

> Not only does a reading of section 435 in its entirety indicate the Legislature's intention that notice and hearing be provided on the issue of violations, an interpretation which would allow the imposition of penalties for asserted violations without notice and opportunity to be heard would render the proceedings unfair and therefore constitutionally infirm.

*Crangi* at 535, 333 A.2d at 210. While recognizing that no penalty may be imposed under Section 435(d) absent proof of a violation, this Court concludes that substantial evidence exists in the record to support the finding of the referee, as ultimate factfinder, that the Employer unlawfully secured an automatic supersedeas. The Board may not substitute its own findings for those of the referee. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Moreover, the Board incorrectly relied upon this Court's holding in *Edmond v. Workmen's Compensation Appeal Board (Devon Apparel, Inc.)*, 68 Pa. Commonwealth Ct. 482, 449 A.2d 827 (1982) which involved the failure of an employer to provide a list of five treating physicians pursuant to Section 306(f) of the Act, 77 P.S. §531. Section 306(f) placed no obligation on the employer to provide the list, and as a result, a penalty assessment against the employer was refused. Unlike the *Edmond* case, however, the Employer here was required to comply with applicable provisions of the Act.

Therefore, the Board committed an error of law in reversing the referee's finding of noncompliance by the Employer and imposition of a penalty. Although the referee properly found noncompliance, this Court holds that the Employer is entitled to a penalty hearing pursuant to the automatic supersedeas provisions of Section 413.[6] Accordingly, the decision of the Board is vacated

---

[6] We note that once a violation of Section 413 is found, the question of whether a penalty is to be imposed is strictly discretion-

and this case is remanded for proceedings consistent with this opinion.

## ORDER

AND NOW, this 15th day of August, 1988, the order of the Workmen's Compensation Appeal Board is vacated and this case remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

ary. *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.),* 102 Pa. Commonwealth Ct. 493, 518 A.2d 1305 (1986).