628 A.2d 464

**REPUBLIC SEAFOOD, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (BUNDY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1993.

Decided March 31, 1993.

Publication Ordered July 13, 1993.

40

Robert F. Kelly, Jr., for petitioner.

Halmon L. Banks, III, for respondent.

Before COLINS and SMITH, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

This is a petition by Republic Seafood, Inc. (Employer) for review of the April 30, 1992 order of the Workmen's Compensation Appeal Board (Board). The Board reversed an order of the Referee, in which the Referee had granted Employer's petition to reduce existing benefits payable to Ronald Bundy, (Claimant).

The primary issues presented to this court are whether the Employer sustained its burden of proving the availability of medium level work and whether the Claimant sustained his burden of demonstrating a good faith follow through on job referrals. A secondary issue is whether Claimant is entitled to attorney's fees. We hold that benefits should have been reduced, and that attorney's fees should not have been awarded. We reverse the Board's order.

We are limited in our review of a decision by the Board to determining whether there were constitutional violations or errors of law or whether the necessary findings of fact are supported by substantial evidence in the record.[1] Questions of credibility remain within the exclusive province of the Referee who may, at his discretion, accept or reject a witness' testimony.[2]

On or about December 3, 1985 as a result of a work related injury that Claimant sustained to his lower back and left shoulder, Employer executed a Notice of Compensation Payable to Claimant. On or about July 18, 1988 Employer filed a petition for modification of benefits and request for partial supersedeas, alleging that Claimant's work-related disability had improved and that jobs were available to Claimant. The Referee granted Employer's request for partial supersedeas. In an Order dated April 13, 1990 the Referee granted Employ-

---

1. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Russell v. Workmen's Compensation Appeal Bd.*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988), *aff'd, following remand sub nom. Volkswagen of America v. Workmen's Compensation Appeal Bd.*, 143 Pa.Commonwealth Ct. 69, 598 A.2d 602 (1991).

2. *Mardee Sportswear v. Workmen's Compensation Appeal Bd.*, 98 Pa.Commonwealth Ct. 327, 511 A.2d 905 (1986).

er's petition to modify Claimant's benefits and approved Claimant's request for attorney's fees.

In reaching its decision, the Referee accepted the testimony of the sole medical witness, Dr. Williams, who was offered by Employer. He testified that Claimant's disability had improved sufficiently to permit Claimant to perform medium level work with restricted use of the left arm. The Referee found that Employer's certified rehabilitation counselor had duly informed Claimant of three available jobs approved by Dr. Williams: a polisher/grinder position at Orthopli Corp.; an assembler position at Adelphi Lamps; and a parking lot cashier position at E–Z Park. The Referee accepted the counselor's testimony that she left telephone messages for Claimant regarding the positions at Orthopli and E–Z Park and spoke with him regarding the Adelphi Lamps position.

In all three cases, the Referee found that the counselor had sent Claimant confirmation letters by regular and certified mail detailing the name and address of each employer, the position title, the salary, and directions for applying. The Referee also found that the letters concerning the positions at Adelphi Lamps and E–Z Park set forth the exertion level of the job duties and the fact that the description fell within Dr. Williams' restrictions. The Referee did not find credible Claimant's testimony that he had not received any of the mailings.

The Referee concluded that Employer had met its burden of proving that Employer made a good faith effort to locate jobs within Claimant's capacity and duly notified Claimant of the available jobs. The Referee further found that Claimant had failed to make a good faith effort to apply for these positions. Despite finding the Employer's contest reasonable, the Referee awarded attorney's fees to Claimant.

Claimant appealed the Referee's Order reducing benefits. Employer appealed the Referee's Order awarding Claimant attorney's fees. The Board determined that the counselor's letters allegedly notifying Claimant of available jobs failed to provide Claimant with either a general job classification or

description of the job duties and failed to inform Claimant that the positions were approved by a physician, which is essential information required by *Lukens, Inc. v. Workmen's Compensation Appeal Board*, 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1990) and *Four–Way Construction Co. v. Workmen's Compensation Appeal Board*, 113 Pa.Commonwealth Ct. 235, 536 A.2d 873 (1988). Therefore, the Board found that the Referee had committed an error of law in holding that the employer had identified alternative available positions for the Claimant. The Board accordingly upheld the Referee's award of attorney's fees to Claimant, dismissing Employer's appeal.

 In order to successfully pursue a petition for modification of benefits based upon a change in disability,[3] the employer must meet its burden of proving the availability of suitable employment for claimant. *Kachinski v. Workmen's Compensation Appeal Board*, 516 Pa. 240, 532 A.2d 374 (1987). In *Kachinski* the Supreme Court established the following four-part test:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.* at 252, 532 A.2d at 380. Both parties are charged with the duty of good faith. The employer's referrals must be for the purpose of returning the claimant to productive employment.

**3.** The applicable statutory section for modification petitions is section 413 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772, which sets forth the procedural requirements.

*Id.* A claimant's failure to follow up on referrals constitutes grounds for modification of benefits. *Id.*

■ This court, in interpreting *Kachinski,* has held that in order to inform the claimant of available jobs, the referrals must contain the name and address of the prospective employer, *Todloski v. Workmen's Compensation Appeal Board,* 115 Pa.Commonwealth Ct. 138, 539 A.2d 517 (1988); a general job classification and basic description, *Four–Way Construction;* and notice that the job is within a category for which claimant has received medical clearance, *Four–Way Construction, Lukens.*

■ Applying *Kachinski* then to the case at bar, we find that Employer met its burden to show that work was available within Claimant's capabilities. First, the Referee accepted Dr. Williams' testimony that Claimant's disability had improved. This testimony is sufficient to satisfy the first prong of *Kachinski.* Second, the availability of two of these positions was effectively conveyed to Claimant, satisfying the notification prong of *Kachinski.* Specifically, the letters from Employer's rehabilitation counselor referring to the positions at E–Z Park and Adelphi Lamps indicate the name, address, telephone number and contact for each employer; the general job classification of each position ("sedentary" and "medium", respectively); a basic description of each job (cashier and lamp shade assembler, respectively); each position falls within the restrictions provided by Dr. Williams and the salary, any benefits and hours involved.

We will not disturb the Referee's finding's that these positions were within Claimant's capability to do medium level work as delineated by Dr. Williams; that Claimant had actually received the notification letters, and that these positions were open at the time Claimant was notified.

■ Implicit in the second prong of *Kachinski* is the requirement that the employer act in good faith. The Referee's conclusion to that effect is supported by substantial evidence. The Referee found that Employer's rehabilitation counselor had interviewed Claimant on two occasions to ascertain his

work history and physical limitations. In evaluating prospective employment for Claimant, the counselor utilized the information she obtained from Claimant as well as the reports of Dr. Williams and a previous physician. The counselor located three positions within Dr. Williams' restrictions. Aware that Claimant lacked his own transportation, the counselor verified that each of these positions was accessible by public transportation. In *Harrell v. Workmen's Compensation Appeal Board,* 151 Pa.Commonwealth Ct. 8, 616 A.2d 1051 (1992), this court found that an employer had acted in good faith based on a referee's findings that the employer's rehabilitation counselor had utilized a physician's restrictions and recommendations in searching for jobs for the claimant and had provided the claimant with at least six job opportunities approved by the physician. Following *Harrell,* we find in the instant case that the counselor's efforts demonstrate that Employer made a good faith attempt to return Claimant to employment.

Claimant has failed to satisfy the third prong of *Kachinski.* The Referee determined that Claimant had not in good faith followed through on any of Employer's referrals and that finding is supported by substantial evidence. The Referee did not accept Claimant's testimony that when he attempted to apply for the E–Z Park position, he was informed that the position required a valid driver's license. Deposition testimony of record indicates that there may have been mitigating circumstances inhibiting Claimant's application to Adelphi Lamps.[4] However, the failure of Claimant to apply for even one position, i.e., the E–Z Park job, constitutes a lack of good faith under the third prong of *Kachinski. Beres v. Workmen's Compensation Appeal Board,* 140 Pa.Commonwealth Ct. 497, 593 A.2d 939, *alloc. denied,* 529 Pa. 624, 600 A.2d 539 (1991).

In light of the above, we hold that the Board committed an error of law in reversing the Referee's Order to reduce

4. Claimant testified that after receiving the Adelphi Lamps referral, he called the counselor to request that the interview be rescheduled due to the death of his father but that he never again heard from her. (R.R. 239a–40a).

benefits. We find that the Referee's determination that Employer duly notified Claimant of available jobs within Claimant's capabilities is supported by substantial evidence and satisfies *Kachinski*. We find the Referee's determination that Claimant had not in good faith attempted to apply for any of the positions located by Employer is supported by substantial evidence and satisfies *Kachinski*. We, therefore, reinstate the Referee's Order reducing Claimant's benefits.

We turn now to the second issue in this case, the award of counsel fees to Claimant. Section 440 of the Pennsylvania Workmen's Compensation Act provides in pertinent part:

> In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award of compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established[.]
>
> . . . . .
>
> In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue in whole or in part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth.

Section 996, 77 P.S. § 996. We find that the Referee's determination that Employer's contest was reasonable is supported by substantial evidence and in accordance with the law. The Referee accepted the testimony of Dr. Williams that Claimant's disability had improved. This court has previously held that evidence consisting of the testimony of a physician as to a change in disability is sufficient to sustain a finding that a reasonable basis exists for contesting a claimant's benefits.

*Edmond v. Workmen's Compensation Appeal Board,* 68 Pa.Commonwealth Ct. 482, 449 A.2d 827 (1982), *Pennwalt, Stokes Division v. Workmen's Compensation Appeal Board,* 44 Pa.Commonwealth Ct. 98, 403 A.2d 186 (1979). Where the contest is reasonable, attorney's fees may be denied even though the employer is unsuccessful in pursuing its modification petition. *Edmond* (attorney's fees denied to claimant despite denial of employer's petition to terminate), *Pennwalt* (attorney's fees denied to claimant despite dismissal of employer's petition to terminate or modify). In this case where Employer's contest is reasonable and Employer's petition to modify is granted, we find that the Referee abused his discretion in awarding attorney's fees to Claimant. We, therefore, reverse the Board's Order awarding attorney's fees to Claimant.

## ORDER

AND NOW, this 31st day of March, 1993 we reverse the order of the Workmen's Compensation Appeal Board, dated April 30, 1992, as of No. A90–1181.