City of Johnstown and Pennsylvania Manufacturers' Association Insurance Company, Petitioners
*v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Mary L. Magro, Widow of Nick Magro, Deceased, Respondents.

Argued October 31, 1977, before Judges CRUMLISH, JR. and BLATT, sitting as a panel of two.

*Edward G. Kuyat, Jr.*, with him *Kuyat & Walker*, for petitioners.

*John J. Bagnato*, with him *Spence, Custer, Saylor, Wolfe & Rose*, and *James N. Diefenderfer*, for respondents.

OPINION BY JUDGE BLATT, February 1, 1978:

The Appellants, the City of Johnstown and the Pennsylvania Manufacturers' Association Insurance Company appeal from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of compensation to Mary L. Magro, the widow of Nick Magro (decedent).

The decedent, who had been employed as a fireman by the City of Johnstown for twenty-nine years, suffered a heart attack in the course of his employment on June 7, 1971, and was awarded subsequently compensation under The Pennsylvania Workmen's Compensation Act[1] (Act) for temporary total disability. He collected benefits for approximately one year and then returned to work. On January 16, 1974, he suffered a fatal heart attack while at his home. His widow filed a Fatal Claim Petition under the Act, alleging that his death was caused by the 1971 injury, and it was granted.

Our scope of review here, under Section 44 of the Administrative Agency Law,[2] is limited to a determi-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

[2] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq. Section 427 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §876.1, provides that this Court's scope of review in a workmen's compensation appeal is that defined in Section 44 of the Administrative Agency Law.

nation of whether or not an error of law was committed, constitutional rights were violated, or findings of fact were unsupported by substantial evidence.

The Appellants specifically contest the finding that decedent's death resulted from his prior heart attack, arguing that the finding is unsupported by substantial evidence and that the award of benefits was therefore erroneous.

In order to be granted benefits on a Fatal Claim Petition Award, a claimant must establish that death resulted "from such [compensable] injury and its resultant effects, and occurr[ed] within three hundred weeks after the injury." 77 P.S. §411(1). The term "injury" is defined in the Act as including occupational diseases, and these include:

> (o) Diseases of the heart . . . resulting in either temporary or permanent total or partial disability or death, after four years or more service in fire fighting . . . caused by extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such firemen.

Added by §1 of the Act of October 17, 1972, P.L. 930, *as amended*, 77 P.S. §27.1.

The widow or widower who claims workmen's compensation benefits has the burden of proving that his or her spouse's death was causally related to a compensable injury. *Workmen's Compensation Appeal Board v. A. R. Bar, Inc.*, 22 Pa. Commonwealth Ct. 609, 349 A.2d 805 (1976).

The referee found here that decedent never recovered from the 1971 heart attack, that he remained totally and permanently disabled from performing his duties as a fireman thereafter and that his prior heart attack and strenuous physical activities as a fireman

contributed to his fatal heart attack. The referee held, therefore, and the Board affirmed, that the evidence established a causal relationship between the 1971 heart attack and decedent's fatal heart attack in 1974.

A finding of a causal connection between a compensable injury and subsequent death is sufficiently supported by unequivocal medical testimony that the injury caused or accelerated the death. *Workmen's Compensation Appeal Board v. Allied Chemical Corp.*, 20 Pa. Commonwealth Ct. 562, 342 A.2d 766 (1975). The record here reveals that a medical witness, Dr. Cardinelli, testified that the 1971 heart attack accelerated or contributed to the death of decedent,[3] and also that the 1971 heart attack left the decedent's heart in such a damaged and weakened condition that he was made more susceptible than he had been previously to a future and possibly fatal heart attack.

This medical testimony was unequivocal and based on reasonable medical certainty and, therefore, it supplied sufficient evidence to uphold the findings of fact of the referee as adopted by the Board. Although medical testimony to the contrary was also introduced, it is for the fact-finder to determine which testimony to accept as credible, and his determination cannot be disturbed on appeal. *See Universal Cyclops Steel Cor-*

---

[3] The record reveals the following testimony:

Q. Dr. Cardellino, you have been sitting here while Dr. Kresak testified regarding the death of Mr. Magro, that being attributed to an acute myocardial infarction with pulmonary edema on January 16, 1974. Dr., can you state with any reasonable medical certainty that the heart attack and myocardial infarction and the damage to the man's heart that occurred in June of 1971, either caused, accelerated or contributed to Mr. Magro's death on January 16th of 1974?

A. Yes.

468

*poration v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

We conclude, therefore, that the finding of a causal relationship between decedent's heart attack in 1971, which was a compensable injury under the Act, and the fatal heart attack in 1974 was supported by substantial evidence and that, as a matter of law, such a finding justified the award. We, therefore, affirm the decision of the Board.

### ORDER

AND Now, this 1st day of February, 1978, the order of the Workmen's Compensation Appeal Board is affirmed and judgment is hereby entered in favor of Mary L. Magro and against the City of Johnstown and Pennsylvania Manufacturers' Association Insurance Company in the amount of $39.00 per week, beginning from January 16, 1974 and continuing in accordance with the provisions of the Act. It is further ordered that all due and unpaid compensation shall bear interest at the rate of 10% per annum.