Hatboro-Horsham School District and CNA/Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Florence Timmins, Widow of George Timmins, Deceased, Respondents.

Argued March 3, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*William F. Sweeney,* with him *David L. Pennington,* and *Harvey, Pennington, Herting & Renneisen, Ltd.,* for appellant.

*Robert J. Edelmayer,* with him *McLafferty & Edelmayer,* P.C., and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, April 21, 1978:

The Appellants, the Hatboro-Horsham School District and CNA Insurance Company, appeal here from an order of the Workmen's Compensation Appeal Board affirming a referee's award of compensation to Florence Timmins, the widow of George Timmins (decedent).

The decedent was employed for approximately one year as a carpenter and mechanic by the Appellant School District. The findings of fact indicate that he suffered an "accident" in the course of his employment on November 24, 1971, as a result of kneeling on a cold cement floor most of the day. This, it is alleged, caused his right knee to become swollen and infected. The referee found that although the infection was successfully removed from the knee by several operations, the infectious process in the decedent's system aggravated his pre-existing medical problems, thus causing his death. Benefits were awarded to the decedent's widow based upon her Fatal Claim Petition filed under The Pennsylvania Workmen's Compensation Act[1] (Act). The Appellants argue that this award of compensation must be reversed because the referee based his findings on incompetent hearsay testimony and he improperly applied the unusual pathological result doctrine.

In order to be granted benefits on a Fatal Claim Petition a claimant has the burden of establishing

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

that his or her spouse's death was causally related to a compensable injury. *City of Johnstown v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 464, 381 A.2d 1355 (1978). The decedent's wife testified that her husband had spent November 24, 1971 kneeling on cold cement while working on his employer's snow blower and that evening had complained of pain and developed swelling in his right knee. The decedent's physician testified that the decedent had informed him he had sustained his knee injury while at work. The Appellants maintain that the testimony elicited as to where the injury may have been sustained falls outside the *res gestae* exception to the hearsay rule. Justice EAGEN in the landmark decision of our Pennsylvania Supreme Court, *Cody v. S.K.F. Industries, Inc.*, 447 Pa. 558, 291 A.2d 772 (1972), reviewed the law as it relates to hearsay and the *res gestae* exception and concluded that the statements concerning the occurrence of an accident at work made by the decedent to his wife on returning home the day of the alleged accident were not competent evidence, stating:

> Under these principles we are compelled to conclude that the statements made by the decedent concerning the accident to his wife were not within the *res gestae* exception. We do not view these as spontaneous utterances springing out of the act. Initially, we note that the words were not in 'the same continuous transaction' with the act of being struck over the head with the garage door. There was a distinct break in the continuity during which time the decedent had seen a number of other people to whom he did not mention anything about the accident. Moreover, during this time the requisite spontaneity vanished as the decedent's reflective faculties resumed functioning. Thus,

the statements were the result of considera-
tion, and must be viewed as a narration or ex-
planation of the past event. Consequently, we
conclude that the statements to the wife were
hearsay and not competent evidence to support
the finding that decedent suffered a compensa-
ble accident.

447 Pa. at 565, 291 A.2d at 775.

The widow's testimony here, therefore, must be held
to fall outside the *res gestae* exception to the hearsay
rule.

In regard to the physician's testimony, however,
the court in *Cody, supra,* carved out an exception to
the hearsay rule based upon the grounds of circum-
stantial guarantee of trustworthiness and necessity.
It held that the statement of the decedent to his treat-
ing physician three days after the injury as to the
cause of his injury was admissible as substantive evi-
dence, stating:

The law in Pennsylvania heretofore has
been that statements to a doctor were admissi-
ble insofar as they were necessary and proper
for diagnosis and treatment of the injury and
referred to symptoms, feelings and conditions.
However, statements which related to the cause
of the injury were not admissible, unless they
were part of the res gestae.

Upon re-examining this rule, we believe a
necessary exception must be carved out where
in a workmen's compensation proceeding the
board is dealing with an un-witnessed occur-
rence case and where the party involved has
died.

. . . .

Such an exception to the hearsay rule can
be justified on the grounds of circumstantial
guarantee of trustworthiness and necessity. As

to trustworthiness, for a patient to misrepresent to a treating physician the cause of his physical injury would be totally contrary to his most vital concern of saving his life and restoring his health. Moreover, statements as to cause, as long as they are germane to treatment are inseparable from the description of the injury and the pain it is causing the declarant. We believe that as long as there are no circumstances casting suspicion on the genuineness of the utterances, statements as to cause clearly meet the trustworthiness test.

Turning to the necessity aspect of the test, it is clear that there is a necessity to admit this testimony as substantive evidence of the facts stated in the instant case. It must be remembered that we are dealing with an unwitnessed occurrence, consequently the only witness able to relate the cause of the injury is the injured party, and he is now dead. Hence, there is a pressing necessity to admit this evidence since it is not available from any other source. Moreover, there are no circumstances making it suspect.

We believe this exception to the hearsay rule represents a more flexible approach of the problem, and is more consonant with the demands of justice and more adequately represents the policies of the Workmen's Compensation Act. (Footnotes and citations omitted.) 447 Pa. at 566-68, 291 A.2d at 776-77.

We believe, therefore, that the physician's testimony here meets this test and must be held to be admissible as substantive evidence. Furthermore, in workmen's compensation cases where the facts are sufficiently established by mere circumstantial evidence, hearsay testimony such as that of the widow here,

which is not inconsistent, may be considered for the additional light it throws on the matter. *Cody v. S.K.F. Industries, Inc., supra,* 447 Pa. at 571 n.5, 291 A.2d at 778 n.5. We must conclude that the finding of fact that the decedent sustained his injury at work is supported by substantial evidence.

The Appellants additionally argue that the referee improperly applied the unusual pathological result doctrine because the decedent had a staphylococcus infection prior to the work-related injury here concerned. Under the unusual pathological result doctrine, an injury is compensable under the Act as an "accident" when, during the course of the employee performing his usual work, an event or series of events causes a sudden onset of a physical injury or harm to the bone or bodily tissues.[2] *Ricciardi v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 316, 383 A.2d 571 (1978). *See Hinkle v. H. J. Heinz Co.,* 462 Pa. 111, 337 A.2d 907 (1975). The "accident" resides in the unexpected nature of the effect rather than in the cause. *See Dunlap v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 19, 330 A.2d 555 (1975). If the employee has a pre-existing physical weakness and the stress of his normal duties accelerates the pathology to a painful and disabling consequence, the doctrine does not apply. *A. P. Green Refractories Co. v. Luckey,* 8 Pa. Commonwealth Ct. 172, 301 A.2d 914 (1973). The employee, however, need not be a perfect physical specimen because a pre-existing condition does not bar a finding of an accident if the condition is not causally related to the injury. *City of Williamsport v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 145, 317 A.2d 654

---

[2] It was necessary for a finding of an "accident" as this injury occurred prior to the 1972 amendments to the Act.

(1974); *Yuhas v. Bethlehem Steel Corporation,* 8 Pa. Commonwealth Ct. 302, 303 A.2d 266 (1973). The doctrine is available, therefore, if the injured part of the body was not previously weakened, injured or diseased. *City of Williamsport v. Workmen's Compensation Appeal Board, supra.* The record indicates that this decedent never suffered from any previous injury and had no pre-existing medical problems with his right knee. The treating physician, Dr. Santangelo, testified that the kneeling on the cold concrete precipitated the increased fluid in the decedent's prepatellar bursa of his right knee. This then became infected with staphylococcus. He testified that it is normal to have bacteria in one's system and he did not know where the primary source of this infection originated because staphylococcus is a very ubiquitous organism. The fluid in the knee then acted as a culture medium where this bacteria multiplied. This infection magnified to the extent that decedent's total health deteriorated to a point of total non-health, *i.e.,* death. Although the decedent's knee was free of infection for three days prior to his death, Dr. Santangelo testified that the only infectious process in the decedent's body had been in his knee, and that it was this infectious process which precipitated the death by causing coronary and liver failure. Clearly the infection did not cause the injury to the decedent's knee, rather, the precipitating cause of the infected knee was the work-related accident. We believe, therefore, that the unusual pathological result doctrine was applicable and we must affirm the order of the Board.

## ORDER

AND Now, this 21st day of April, 1978, the order of the Workmen's Compensation Appeal Board at No. A-72024, dated March 1, 1977, is hereby affirmed and

judgment is entered in favor of Mrs. Timmins and entered against the Hatboro-Horsham School District and/or its insurance carrier, the CNA/Insurance Company, in the amounts of: (1) $39.00 per week commencing as of December 15, 1971; (2) $3,887.40 for decedent's medical and funeral expenses; (3) 20% of this award including medical and funeral expenses for the Appellee's attorney's fees. All deferred payments of compensation shall bear interest at the rate of 6% per annum.