547 A.2d 460

Harold C. Marcks, Petitioner *v.* Workmen's Compensation Appeal Board (City of Allentown, Dept. of Public Safety, Bureau of Fire), Respondents.

Submitted on briefs July 6, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John P. Thomas,* for petitioner.

*Howard M. Ellner,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, August 31, 1988:

Harold C. Marcks (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) which denied his claim petition filed under Section 108(o) of the Occupational Disease provisions of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(o), alleging disability from emphysema caused by thirty-three years of fire fighting. We reverse.

Claimant was employed by the City of Allentown (Employer) as a fire fighter from 1942 until his retirement on a disability pension in 1975. On January 3, 1978, Claimant filed the instant claim petition. After a series of hearings, the referee dismissed the petition finding that Claimant had failed to prove that he was totally or partially disabled due to exposure to the hazard of an occupational disease. The Board affirmed. Claimant appealed, and this Court in *Marcks v. Workmen's Compensation Appeal Board (City of Allentown),* 65 Pa. Commonwealth Ct. 107, 442 A.2d 9 (1982), re-

manded, holding that the referee's summation of the facts did not constitute sufficient fact finding on the crucial issues to enable this Court to exercise review.

On remand, the referee has made new findings without taking any further testimony and once again rejected this claim. The referee found, based on the testimony of both Claimant's and Employer's medical experts, that Claimant had chronic bronchitis, pulmonary emphysema, pulmonary fibrosis, obstructive lung disease, and possible early myocardial disease, and was totally disabled from performing the duties of a fire fighter or any work involving severe exertion or exposure to dust or smoke. However, the referee accepted the testimony of Employer's medical expert that Claimant's chronic bronchitis and emphysema were solely and directly caused by Claimant's forty year history of smoking from half a pack to one pack of cigarettes per day, and that Claimant's thirty-three years exposure to smoke, fumes, gasses and dust while fighting fires had no permanent effect on Claimant's lungs in any respect.[1] (Referee's Finding of Fact No. 8.) The referee further concluded that Claimant was not employed in an occupation in which emphysema, bronchitis, or obstructive pulmonary disease is a hazard within the meaning of Section 301(c) or (e) of the Act, 77 P.S. §§1401(c) and (e), respectively.

Claimant testified that during the first ten years of his fire fighting employment he did not use any air packs or oxygen breathing apparatus. He stated that he was treated for smoke inhalation on several occasions and would come back from fires "spitting black for three days." (N.T. 3/3/78, p. 5) He began seeing a doctor for

---

[1] The referee did not seem to feel this was inconsistent with that portion of Employer's medical expert's opinion stating that Claimant could not now be exposed to or work in an occupation where smoke and dust were a hazard.

the pulmonary condition of bronchitis in 1966. Claimant testified that for the next eleven years, after every fire his chest would tighten up and he would experience breathing difficulties (N.T. 3/3/78, p. 7). Claimant's medical expert testified that he first began prescribing antibiotics and bronchodilators for Claimant in 1966, and that Claimant's condition became progressively worse after every fire until he retired on a disability pension and moved to Arizona in 1975 (N.T. 11/20/78, pp. 7-8). This was the only factual testimony presented in the case. On the basis of it and the opinion of Employer's medical expert, the referee concluded that Claimant's disability was solely caused by cigarette smoke.

In addition, the referee to buttress his second decision raised an entirely new issue of notice. The referee found that Claimant had first been examined by a physician who informed him he had lung disease in February of 1977, but that Claimant had not mailed notice to his former Employer of his pulmonary condition until June of 1977. The referee held that Claimant had failed to provide notice of his occupational disease to Employer within 120 days of the date that Claimant should have known he was disabled under Section 311 of the Act, 77 P.S. §1411. The referee found Claimant's testimony that he had informed Employer of his bronchial condition upon his retirement in 1975 insufficient to satisfy the Section 311 requirement.[2] The Board's opinion affirmed the referee's decision with respect to notice, but did not mention any of the other issues in the case.

We first consider whether the referee has exceeded the scope of our remand order by raising the entirely

---

[2] Employer granted Claimant upon his retirement in 1975 a pension under a disability clause because Claimant was suffering from eye cataracts and bronchitis which disabilities were related to his work as a fireman (N.T. 3/3/78, pp. 14-16).

new issue of notice. Our prior opinion remanded this case to the Board for the limited purpose of allowing the referee to make specific findings of fact and conclusions of law with respect to the crucial issues. The referee's first decision did not contain any reference to the issue of notice or Section 311. The referee raised this issue himself in his second decision following the remand. The referee heard no additional testimony following this Court's remand.

In *Glabern Corp. v. Workmen's Compensation Appeal Board (Moccia),* 84 Pa. Commonwealth Ct. 381, 479 A.2d 77 (1984), we held that a referee should restrict remand proceedings to the purpose indicated by the Board's remand order. Our order in the present case to make specific findings of fact does not permit the referee to relitigate the case and bring in additional issues on his own motion. *See McCloskey v. Workmen's Compensation Appeal Board (J. H. France Refractories, Inc.),* 501 Pa. 93, 97 n.2, 460 A.2d 237, 239 n.2 (1983). The referee improperly exceeded the scope of the Board's remand order and his decision should have been vacated by the Board, not affirmed.

We next review the referee's Conclusion of Law No. 3 that the Claimant was not employed in an occupation in which emphysema, bronchitis or obstructive pulmonary disease was a hazard within the meaning of Section 301(e) of the Act. Section 301(e) states:

> If it be shown that the employee, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employee's occupational disease arose out of and in the course of his employment but this presumption shall not be conclusive.

Section 108(o) of the Act defines a special class of fireman's occupational diseases as:

> Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, after four years or more of service in fire fighting for the benefit or safety of the public, caused by extreme over-exertion in times of stress or danger *or by exposure to heat, smoke, fumes or gasses,* arising directly out of the employment of any such fireman.

(Emphasis added.) Claimant is a former fireman found disabled by bronchitis, emphysema, pulmonary disease, and possible early myocardial disease which are diseases of the heart and lungs. It is inescapable to this Court in the light of these express statutory provisions how any referee could conclude that a fireman is not exposed to the hazards of occupational diseases of the heart and lungs resulting from exposure to heat, smoke, fumes or gasses.

It is the legislature's express intent that firemen seeking recovery for occupational diseases resulting from the hazards of their trade be given an evidentiary advantage. Our Superior Court, analyzing this intent in *DeMascola v. City of Lancaster,* 200 Pa. Superior Ct. 365, 189 A.2d 333 (1963), noted that the legislature has decreed by enacting Section 108(o) that "diseases of the heart and lungs," are occupational diseases of the fire fighting occupation. The Court further elaborated that:

> The legislature, by this latest amendment in the case of fireman, has made it unnecessary to prove that the disease of the heart and lungs is peculiar to the occupation of firemen and not common to the general population. It is only necessary to prove the existence of the hazards described in the Act . . . .

*Id.* at 371-372, 189 A.2d at 336. The evidence is uncontradicted in the present case that Claimant was exposed to the hazards of heat, smoke, fumes and gasses during

the thirty-three years he was employed as a fire fighter and that Claimant has contracted diseases of the heart and lungs. Since Claimant has proven existence of the hazards described in the Act, he is entitled to the presumption of Section 301(e) that such occupational diseases arose out of the hazards he was exposed to. As our Supreme Court noted in *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Co.)*, 514 Pa. 450, 525 A.2d 1204 (1987):

> Indeed, under the Act, it is the claimant seeking to recover for an occupational disease who is given a procedural or evidentiary advantage. Once such a claimant establishes that he has contracted an occupational disease and that the disease, at or immediately before the date of disability, was a hazard in his occupation or industry, he then becomes entitled to a nonconclusive presumption that his occupational disease arose out of and in the course of his employment . . . .

*Pawlosky* at 462, 525 A.2d at 1211.

The referee erred by denying the Claimant the benefit of the Section 301(e) presumption. But this presumption is not conclusive and may be rebutted by competent evidence. We find that Employer has presented no such competent evidence to rebut this presumption. The opinion of Employer's medical expert that Claimant's thirty-three years of exposure to the hazards of an occupational disease had a "practically non-existent" effect on Claimant's heart and lungs, which the referee chose to accept in his Finding of Fact No. 8, is incompetent as a matter of law.

Our Superior Court concluded over twenty-five years ago that:

> We agree with counsel for the appellant that it is common knowledge that existing heart and

lung diseases may be aggravated by extreme over-exertion and by the type of dangers, such as inhalation of flame and fumes, and exposure to extreme heat, to which firemen by this occupation are exposed. . . .

*DeMascola v. City of Lancaster,* 200 Pa. Superior Ct. 365, 379, 189 A.2d 333, 340 (1963). Since *DeMascola,* we have affirmed the award of benefits to fire fighters and the widows of fire fighters in Section 108(o) claims on the basis that exposure to heat, smoke, fumes, or gasses contributed to diseases of the heart and lungs in the following reported cases: *Hildebrand v. Workmen's Compensation Appeal Board (City of Reading),* 111 Pa. Commonwealth Ct. 24, 532 A.2d 1287 (1987); *Lersch v. Workmen's Compensation Appeal Board (City of Pittsburgh),* 87 Pa. Commonwealth Ct. 244, 487 A.2d 66 (1985); *City of Philadelphia v. Workmen's Compensation Appeal Board (Erlink),* 78 Pa. Commonwealth Ct. 260, 467 A.2d 405 (1983); *Wilkes-Barre City v. Workmen's Compensation Appeal Board (Scott),* 54 Pa. Commonwealth Ct. 230, 420 A.2d 795 (1980); *City of Hazleton v. Workmen's Compensation Appeal Board (Decusatis),* 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978); *City of Johnstown v. Workmen's Compensation Appeal Board (Margo),* 33 Pa. Commonwealth Ct. 464, 381 A.2d 1355 (1978); *O'Donnell v. City of Scranton,* 22 Pa. Commonwealth Ct. 411, 349 A.2d 502 (1975).

In none of these cases has the extraordinary proposition been advanced that breathing in heated smoke, fumes and gasses while fighting a fire has no long term effect on the heart and lungs. To the contrary, this Court has consistently held, and the legislature has consistently intended by continued enactment of Section 108(o), that fire fighting is a hazardous occupation by reason of the dangerous fumes and gasses that a fire fighter breathes while going about his trade. Indeed,

portions of the testimony of Employer's medical expert, Doctor Nathan Heiligman, actually support Claimant's position that he was disabled by long term exposure to smoke, fumes and gasses. For example, when Doctor Heiligman was asked to explain how smoking over a prolonged period of time would cause bronchitis, he replied:

> A.   Well, its [sic] a constant irritation of the smoke, causing a swelling, as you would get in your nose or throat if you were exposed to a major amount of smoke as in a fire.

(N.T. 2/26/79, p. 13) On cross-examination, this following exchange took place:

> Q.   Is it your testimony then that a constant low-grade irritation will cause a permanent damage whereas a frequent high-grade irritation will not?
>
> A.   Frequent, yes. Certainly every couple of years or something like that certainly wouldn't make any difference.
>
> . . . .
>
> Q.   How about as frequently as 2 or 3 times a month?
>
> A.   Oh gosh. Two or 3 times a month, I don't think that a man who has an acute episode like that would be able to go back to work that fast. It would take him 2, 3 weeks as a minimum to get over it, probably a month, to get over the acute episode. So I don't see how it could possibly be 2 or 3 times a month.

(N.T. 2/26/79, p. 21) Yet it is Claimant's uncontradicted testimony that he worked a 72 hour shift as a fire fighter every week and whenever there was a big fire all fire fighters, both on and off duty, were immediately summoned (N.T. 3/3/78, p. 5).

We find that the opinion of Employer's medical expert is inconsistent with the history given him by his own patient. We are unable to fathom how Employer's medical expert can pronounce Claimant disabled and unable to work in an occupation where he may be exposed to smoke and dust, but then state that Claimant's disability is unrelated to the smoke and dust that Claimant was exposed to during his former occupation as a fire fighter. This is equivocal testimony which may be ruled incompetent as a matter of law. *Lewis v. Commonwealth*, 508 Pa. 360, 498 A.2d 800 (1985). Our Supreme Court's conclusion in *Lewis* is entirely applicable to the present case:

> In summary, our review of the subject testimony reveals that it was internally inconsistent and equivocal. Under such circumstances the acceptance by the referee of selected portions of transcript borders on whim. . . .

*Lewis* at 368, 498 A.2d at 804. We therefore hold that this medical testimony is not only contrary to statutory and twenty-five years of settled case law, but inconsistent, equivocal, and ultimately incompetent.

In conclusion, we note that the referee capriciously disregarded not only the express declaration of the legislature that fire fighters are entitled to the presumptions of Section 108(o) and 301(e), but the uncontradicted testimony of the Claimant that for thirty-three years he had been fighting fires, coughing up black spume afterwards, and being treated for pulmonary bronchitis. *See Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987); *Spotts v. Workmen's Compensation Appeal Board (Superior Tube Co.)*, 116 Pa. Commonwealth Ct. 304, 541 A.2d 446 (1988). Claimant's testimony is supported by the fact that he retired on a disability pension

224

due to bronchitis in 1975. As our Supreme Court recently noted in *Farquhar:*

> At the very least the findings and conclusions of the fact finder must have a rational basis in the evidence of record and demonstrate an appreciation and correct application of underlying principles of substantive law to that evidence.
> . . .

*Id.* at 324, 528 A.2d at 584-585. (Emphasis omitted.) In the present case, the referee failed to apply the principles of substantive law to the uncontradicted evidence of record. He relied on medical testimony that was not only incompetent but contrary to established law. Consequently his decision is unsupported by substantial evidence and must be reversed.

### ORDER

Now, August 31, 1988, the order of the Workmen's Compensation Appeal Board at No. A-89853, dated October 17, 1986, is hereby reversed.

Judge PALLADINO did not participate in the decision of this case.