586 A.2d 485

**Jose BECERRA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LEASEWAY SYSTEMS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 16, 1990.

Decided Jan. 25, 1991.

Martin J. Fallon, Jr., Swartz, Campbell & Detweiler, Philadelphia, for petitioner.

Ernest J. Bernabei, III, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, for respondent.

Before DOYLE and McGINLEY, JJ., and BLATT, Senior Judge.

DOYLE, Judge.

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits, but reversed his award of penalties and attorney's fees, to Jose Becerra (Claimant). We affirm the order of the Board.[1]

Claimant was employed as a mechanic's helper by Leaseway Systems (Employer) when he was injured on the job while changing a tractor-trailer tire. His injury resulted in a herniated disc and necessitated a lumbar laminectomy. Claimant filed a claim petition on January 10, 1974, seeking total disability benefits. Claimant and Employer entered into an agreement that acknowledged disability from November 1972 to January of 1974 but that did not resolve the issue of continuing disability after that date. The agreement, however, was declared null and void by this Court in an opinion written by Judge MacPhail on August 20, 1980, and reported as *Leaseway Systems, Inc. v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 520, 418 A.2d 796 (1980). In *Leaseway* this Court remanded to the referee for a hearing de novo.

The referee held a new hearing and rendered a decision in the Claimant's favor on June 24, 1983. The referee at this

1. This Court's scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or findings of fact were supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

time found that the contest was reasonable due to "the complexity of the litigation." He had not, however, allowed Employer to present a defense due to its failure to answer the claim petition. Employer appealed from this decision. The Board reversed and remanded with directions to the referee to permit Employer to present a defense.

By decision dated September 15, 1987, the referee again found for Claimant. He awarded $89.87 per week in compensation, plus interest, commencing November 29, 1972 and continuing indefinitely. He also awarded penalties of 20% for delay in making payment; and attorney's fees for the discrete period of November 29, 1972 through January 14, 1974. The Board reversed the award of penalties and attorney's fees but affirmed the decision in "all other respects."

Since Employer has filed no cross appeal, there is no dispute as to the Claimant's entitlement to basic compensation benefits. Rather, the issues are (1) whether the referee erred in awarding penalties in favor of Claimant pursuant to Section 435(d) of The Pennsylvania Workmen's Compensation Act (Act);[2] and (2) whether the referee erred in awarding Claimant attorney's fees pursuant to Section 440 of the Act.[3]

In reference to the first issue, a discussion of the interest and penalty provisions of the Act is helpful.

Section 406.1, 77 P.S. § 717.1, is intended to speed the procedures for making payment of benefits to injured workers. It provides for automatic interest at a rate of 10% for any delinquent payment.

**Prompt payment of compensation; interest; credit for excess payment; controversion**

The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 991.
3. 77 P.S. § 996.

provided in section 407, on forms prescribed by the department and furnished by the insurer. The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. *Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum.* Any payment of compensation prior or subsequent to an agreement or notice of compensation payable or greater in amount than provided therein shall, to the extent of the amount of such payment or payments, discharge the liability of the employer with respect to such case. (Emphasis added.)

Section 435(d), 77 P.S. § 991(d), provides the authority and rules for imposition of penalties. This Section provides:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

(i) *Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable:* Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

(ii) Any penalty or interest provided for anywhere in this act shall not be considered as compensation for the purposes of any limitation on the total amount of compensation payable which is set forth in this act.

(iii) Claimants shall forfeit any interest that would normally be payable to them with respect to any period of unexcused delay which they have caused. (Emphasis added.)

As the emphasized portion of Section 435(d) makes clear, the 10% interest permitted by Section 406.1 constitutes a portion of the total amount upon which Section 435 penalties are assessed.

■ Further, nothing in Section 406.1 can be used to suggest that the interest provision therein has any relation to the reasonableness of the contest; or is a penalty, or need be based on a fault of the employer. Rather, the Section 406.1 interest is merely additional compensation awarded to the employee when, for any reason, there is a delay of payment past twenty-one days. *Lastoka v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 310, 413 A.2d 481 (1980).

A claimant may be required, however, to forfeit this 10% interest if it is found that he caused the delay and the delay is unexcused. In this case the award of 10% interest on all deferred payments was affirmed by the Board and is not contested by either party.

■ The 20% penalties awarded by the referee, and reversed by the Board in this case, were those authorized by Section 435(d) for violations of the Act, regulations, or rules of procedure. In order to impose any penalty up to 10% under Section 435(d), there must be a violation as stated in the Act, and if a violation is accompanied by "unreasonable or excessive delay," then the penalty may be increased to 20%. This Court has stated that no such penalty may be imposed absent proof of such a violation. *Cragni Distributing Co. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 530, 333 A.2d 207 (1975).

The record is unclear as to what requirement of the Act or rule of the department or the Board was violated in this case. The referee, however, came to the following conclusion of law:

The Employer/Workmen's Compensation Insurance Carrier's failure to accept this case as compensable by Notice of Compensation Payable and institute prompt payment of compensation benefits constitutes a violation of 406.1 of The Pennsylvania Workmen's Compensation Act for which penalty will be assessed pursuant to Section 435 of The Pennsylvania Workmen's compensation Act.

■ The question is whether a delay caused by the employer's "failure to accept a case" is a violation of the Act punishable by Section 435 penalties. We find no evidence of a violation other than an excusable delay[4] for which the normal 10% interest is automatically assessed under Section 406.1. Thus, the referee's reasoning was erroneous as a matter of law. The Board did not address the merits of the penalty award but found, instead, a procedural error for which it reversed. The Board stated:

Before the Referee may award penalties there must be a specific request with notice and a hearing on such issue. *Brasco v. Workmen's Compensation Appeal Board*, 118 Pa. Commonwealth Ct. 564, 546 A.2d 717 (1988). These requirements were not met and thus the award of penalties is not in accordance with the law. Moreover, in his 1983 Decision Referee Stevenson did not award such penalties and found a reasonable contest. This Board thereafter, remanded the matter to permit the Defendant to enter a defense. The issue of penalties was, therefor, not before the Referee for his consideration. *Marcks v. Workmen's Compensation Appeal Board*, 119 Pa. Commonwealth Ct. 214, 547 A.2d 460 (1988).

The notice requirements for penalty claims when made in conjunction with another petition already pending before the referee were set forth by this Court in *Edmond v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979), as follows:

[T]he correct procedure ... is for the claimant to make a request, either in writing or on the record, that the referee impose penalties. The referee should then permit the employer to respond to the request, and thereafter schedule a hearing on the issue, if one becomes necessary.

43 Pa. Commonwealth Ct. at 462–63, 402 A.2d at 717.

There is no provision in the Act to suggest that proceedings on penalties cannot be combined with a hearing on the

---

**4.** The delay was one for which both parties were responsible, each at different times.

merits, at the discretion of the referee, and indeed such practice has been followed in the past. *See Lord v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 626, 395 A.2d 598 (1978).

In the case before us, a request for hearing on penalties was made in writing preceding the 1983 hearing and the referee chose to honor it and awarded a penalty. Employer was not allowed to present a defense at this hearing, due to the referee's determination that it had failed to file a timely answer. The Board, on appeal, concluded that the timeliness question had been waived and remanded in order to allow Employer to "present evidence". There was ample opportunity to defend at the ensuing ten hearings which followed the Board's remand. Thus, the Board was in error when it concluded that the notice provisions were not met, and that the penalty issue was not before the referee. And, while we disagree with the Board's reasons for reversing the penalties, we believe that its result was correct because the delay in payment was excusable delay under Section 406.1. The remedy for such delay was the 10% interest allowed in Section 406.1. Having concluded that penalties were improperly assessed, we affirm the Board on this issue.

■ Finally, we affirm the Board's order reversing the decision of the referee that Employer pay attorney's fees for the period from November 1972 until January 1974. This was the period from the time of injury until Claimant filed his petition for compensation.

Section 440 of the Act provides that reasonable attorney's fees shall be awarded to a claimant who prevails on a contested claim unless the record discloses a reasonable basis for the employer's or insurer's contest. We have held that the question of reasonableness of contest, while based on findings of fact, is ultimately a question of law. *Edmond.*

The referee made no findings on this issue but concluded as a matter of law that the contest was unreasonable. The Board, however, reviewed the record and found that the contest was reasonable. We find that during the period in question, there was no contest at all because Employer agreed that Claimant was disabled for that period and although the agreement was rendered null and void on other grounds, disability from 1972 to 1974 has never been in dispute. When this Court remanded for *de novo* proceedings, Employer was placed in a position, due to the void agreement, of litigating the entire claim from 1972 forward. We find that considering the procedural history of the case, even if issues referring to that discrete period of time were litigated because of their inclusion in the whole, to do so was reasonable.

For the foregoing reasons we affirm the order of the Board.

## ORDER

NOW, January 25, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.