John KELLEY, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (CITY OF WILKES-BARRE), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 4, 1998.

Decided Feb. 19, 1999.

---

Kurt J. Kwak, West Pittston, for petitioner.

Donald T. Rogers, Wilkes-Barre, for respondent.

Before COLINS, President Judge, SMITH, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

John Kelley petitions for review of the order of the Workers' Compensation Appeal Board (Board) that denied his claim petition filed under Section 108(o) of the Occupational Disease provisions of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 27.1(o), alleging disability from chronic lung disease caused by twenty years of fire fighting. Kelley asserts here, as he did before the Board, that the evidence submitted by the City of Wilkes–Barre (Employer) was not legally competent evidence sufficient to sustain its challenge to the claim petition. Additionally, Kelley contends that the WCJ erred in drawing an adverse inference against him as a result of his failure to call a treating physician. After a careful review of the record and relevant case law, we affirm.

The WCJ found that:

2. The fifty-five (55) year old Claimant began his employment with the [Wilkes–Barre] fire department on May 1, 1972 and worked until February 8, 1992 fighting approximately seventy-five (75) to one hundred (100) fires per year. During his career he was hospitalized for smoke inhalation in 1985, and in 1986 he developed difficulty breathing. Around this time the Claimant started treating with Dr. Talati, a pulmonary specialist, and he continued to treat with Dr. Talati until 1993. The Claimant was also treating with his family physician, Dr. Denishanko, for his breathing difficulties, however neither Dr. Talati nor Dr. Denishanko were called to testify in these proceedings. In addition to suffering smoke inhalation while fighting fires, the Claimant smoked approximately one an one half (1½) packs of cigarettes per day for thirty-four (34) years.

. . .

5. The Claimant also presented the testimony of Dr. Charles Acquilina, who first saw him on June 1, 1993 and noted that the Claimant had diminished breath

sounds in both lungs, with wheezing. X-rays, pulmonary function studies, and arterial blood gas studies also verified a significant pulmonary disease. As a result of his findings, Dr. Acquilina started the Claimant on therapy and prescribed a portable respirator for him which the Claimant uses at home approximately four (4) times a day. Based upon his examination and the clinical studies, Dr. Acquilina opined that the Claimant was totally precluded from performing work as a fire fighter because he would be unable to perform the physical activity associated with that job, and further, that it would be hazardous for the Claimant to be exposed to smoke or other airborne toxins. Dr. Acquilina did not ignore the Claimant's long smoking history and opined that it was a factor in his overall breathing impairment, but he also opined with a reasonable medical certainty that the Claimant's fire fighting was a substantial contributing factor in the development of his lung disease.

6. On December 9, 1993, the city of Wilkes–Barre had Mr. Kelley examined by Dr. Sander Levinson, who is board certified in pulmonary medicine. Dr. Levinson's findings on physical examination were similar to Dr. Acquilina's: there was bilateral wheezing and a chest x-ray revealed chronic obstructive pulmonary disease; and pulmonary function studies and arterial blood gas studies confirmed a breathing disorder. Dr. Levinson explained, however, that these findings are generally associated with emphysema caused by cigarette smoking. In conclusion, Dr. Levinson diagnosed that the Claimant was disabled by chronic obstructive pulmonary disease and unable to return to his previous employment as a firefighter. Dr. Levinson opined unequivocally, and with reasonable medical certainty that the Claimant's pulmonary condition and resultant disability were related to his long and heavy history of cigarette smoking. If there was any effect on the Claimant's condition from his occupation as a fire fighter, it was very minimal and insignificant according to Dr. Levinson. He explained that the pattern and characteristics of the Claimant's pulmonary condition were not typical of exposure to heat, gas or smoke, which would cause a scaring or fibrosis of the lungs, but were instead characteristic of emphysema cause [sic] by cigarette smoking.

7. Throughout the proceedings it was intimated that the Claimant's medical records would show that the Claimant's family physician and his pulmonary doctor for several years related the Claimant's condition to his cigarette smoking, but those records were never presented into evidence. Nevertheless, we are suspicious because the Claimant did not present any testimony from these physicians, and even Dr. Acquilina acknowledged that the Claimant's cigarette smoking was a significant factor in his pulmonary condition.

8. Under the circumstances, we find Dr. Levinson's testimony to be the most credible and accept his explanation that Mr. Kelley's condition has the characteristics of lung disease caused by cigarette smoking, not the characteristics of a pulmonary condition caused by exposure to smoke as a firefighter. The medical evidence submitted by the Employer is sufficient to overcome the presumption that the Claimant's condition is related to his occupation.

(WCJ's Findings of Fact at pp. 1–4.) The Board affirmed the WCJ's denial of Kelley's claim petition. Kelley (also referred to as Claimant) filed a timely appeal from the Board's decision with this Court. In workers' compensation matters, our review is limited to determining whether there has been a constitutional violation, an error of law, or whether the necessary findings of fact are support by substantial evidence. *Pawlosky v. Workmen's Compensation Appeal Board*, 514 Pa. 450, 525 A.2d 1204 (1987).

Initially, Claimant asserts that the WCJ erred as a of matter of law in relying on the legally incompetent testimony of Employer's medical witness, Dr. Sander Levinson, to support the conclusion that Claimant's lung disease was not work related and that Employer had overcome the presumption afforded firefighters under Section 301(e) of the Act, 77 P.S. § 413. This is a question of law and, as such, is reviewable by this Court.

*Buchanan v. Workmen's Compensation Appeal Board (City of Philadelphia),* 659 A.2d 54 (Pa.Cmwlth.1995).

Section 108(*o*) of the Act states:

The term 'occupational disease,' as used in the act, shall mean any of the following diseases.

. . . .

(*o*) Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, after four years or more of service in fire fighting for the benefit or safety of the public, caused by extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gasses, arising directly out of the employment of any such firemen.

77 P.S. § 27.1(*o*).

■ Once a claimant establishes an occupational disease, the claimant is entitled to the presumption that the disease arose out of and in the course of employment, as provided by Section 301(e) of the Act, 77 P.S. § 413. Notably, the presumption is not conclusive, and may be rebutted by substantial, competent evidence. *Marcks v. Workmen's Compensation Appeal Board (City of Allentown),* 119 Pa.Cmwlth. 214, 547 A.2d 460 (1988). In the case *sub judice,* Claimant contends that Dr. Levinson's testimony is legally incompetent because it fails to give Claimant the benefit of the rebuttable presumption contained in Section 301(e) of the Act, 77 P.S. § 413. Claimant asserts that Dr. Levinson failed to consider the overall impact 20 years of fighting fires had on Claimant's lungs. We disagree.

■ In determining whether testimony of a medical witness is competent to rebut the presumption contained in Section 301(e) of the Act, 77 P.S. § 413, review must encompass the witness' testimony *in toto;* not mere excerpts of the medical witness' testimony. In his testimony, Dr. Levinson considered the fact that Claimant was a 20-year veteran of the Wilkes–Barre Fire Department who responded to between 75 and 100 calls per year. (Notes of Testimony at p. 26.) Dr. Levinson considered that over a 20-year pe-

riod Claimant had been exposed to heat, gas, smoke, and fumes in the course of his employment as a firefighter. (Notes of Testimony at p. 26.) Dr. Levinson considered that Claimant had one documented case of smoke inhalation resulting in a 4-to-5-day hospitalization stay. Additionally, Dr. Levinson reviewed Claimant's extensive medical history and medical records; performed his own medical examination of Claimant and medical testing, and observed that Claimant had a 34-year history of smoking between 1 and 1½ pack of cigarettes per day. (Notes of Testimony at pp. 19–25.) Based on the foregoing, Dr. Levinson stated:

> It was my medical opinion that the cause of the impairment and disability and his pulmonary condition was clearly due to a long and heavy history of cigarette smoking abuse. The pattern of the pulmonary impairment, the nature of the pulmonary impairment was typical of pulmonary emphysema and bolus emphysema that will be seen in chronic cigarette smokers. And it was not at all indicative or suggestive of the type of pulmonary impairment that would be expected as a result of smoke inhalation.
>
> I feel that the work [Claimant] did as a firefighter had a very minimal and insignificant contribution to his chronic obstructive pulmonary disease, if any, if there was any contribution at all.

(Notes of Testimony at pp. 25–26.)

Dr. Levinson unequivocally stated that in his medical opinion, the Claimant's chronic obstructive pulmonary disease was substantially, if not entirely, the result of cigarette smoking. Dr. Levinson was questioned about the effects of smoke inhalation and reaffirmed his opinion that Claimant's condition principally the result of cigarette smoking. Dr. Levinson testified that exposure to heat, gas, smoke and fumes on a repetitive basis generally resulted in damage to the lungs, causing scarring of the lungs or an increase in the connective tissues, *i.e.,* fibrosis or scarring of the lungs. (Notes of Testimony at pp. 26–27.) Dr. Levinson testified that there were no manifestations of fibrosis, but rather, Claimant's lungs were emphyse-

matous, *i.e.,* full of big air sacs, which is a characteristic of cigarette smoking.

Dr. Levinson's testimony was competent medical evidence that the WCJ could consider in determining whether the City of Wilkes–Barre had rebutted the evidentiary presumption that Kelley's chronic obstructive pulmonary disease was work-related. *City of Wilkes–Barre v. Workmen's Compensation Appeal Board (Zuczek),* 541 Pa. 435, 664 A.2d 90 (1995).

Accordingly, we will affirm the order of the Board.[1]

## ORDER

AND NOW, this 19th day of February, 1999, the order of the Workers' Compensation Appeal Board is hereby affirmed.

---

1. The issue of whether Employer's medical evidence was sufficient to overcome the presumption set forth in Section 316 of the Act is dispositive; therefore, we will not address the issue of whether the WCJ erred in drawing an adverse inference against Claimant as a result of his failure to call a treating physician.